HOPE SURROGACY, INC.,

        Plaintiff,

v.

CARRYING HOPE SURROGACY, LLC,

        Defendant.

Case No. 20-cv-1028

# COMPLAINT

Plaintiff Hope Surrogacy, Inc., by and through its counsel, Michael Best & Friedrich LLP, states the following for its complaint against Defendant Carrying Hope Surrogacy, LLC:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin, and unfair competition under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and common law trademark infringement and unfair competition.

2. Among other relief, Plaintiff asks this Court to preliminarily and permanently enjoin Defendant from marketing and providing services that violate Plaintiff's trademark rights; award Plaintiff monetary damages and to treble that award; require Defendant to disgorge all profits from the provision of infringing services; and award Plaintiff punitive damages, attorneys' fees, and costs.

3. Plaintiff owns the federally registered trademark HOPE SURROGACY, which it uses in connection with providing gestational surrogacy matching, consulting, and case management services.

4. Defendant is using the nearly identical trademark CARRYING HOPE SURROGACY ("Defendant's Mark"), without authorization, in connection with the same

services offered by Plaintiff under its HOPE SURROGACY mark, resulting in a likelihood of consumer confusion, as well as actual consumer confusion, as to the source or origin of Defendant's services or whether Defendant's services are associated with Plaintiff.

5.  Plaintiff therefore brings this action for (1) federal trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), (2) federal false designation of origin and unfair competition under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); and (3) common law trademark infringement and unfair competition.

## PARTIES

6.  Plaintiff is a Wisconsin corporation with its principal place of business at 320 East Wilson St., Suite 510, Madison, Wisconsin 53703.

7.  Upon information and belief, Defendant is a North Carolina limited liability company with its principal place of business at 231 Pete Mann Road, Brevard, North Carolina 28712.

## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over Plaintiff's related common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

9.  This Court has personal jurisdiction over Defendant because, upon information and belief, (a) Defendant marketed and/or rendered infringing services to persons within the State of Wisconsin and more specifically within this District; (b) Defendant transacts and conducts business within the State of Wisconsin and more specifically within this District; and/or (c) Defendant has otherwise made or established contacts with the State of Wisconsin and more specifically within this District sufficient to permit the exercise of personal jurisdiction.

10. Upon information and belief, this Court also has diversity jurisdiction under 28 U.S.C. § 1332(a) because this action is between a citizen of the State of Wisconsin and a citizen of the State of North Carolina, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. The Western District of Wisconsin is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District and Defendant engaged in infringing activities and caused harm in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff and Its HOPE SURROGACY® Trademark*

12. Plaintiff is a leading provider of gestational surrogacy matching, consulting, and case management services.

13. Plaintiff was formed on April 20, 2017.

14. Since at least as early as 2017, Plaintiff has used the distinctive trademark HOPE SURROGACY to identify its services.

15. Plaintiff owns the U.S. federal registrations for its HOPE SURROGACY standard character and stylized marks identified in the chart below. True and correct copies of printouts of the current status and title of the registrations from the U.S. Patent & Trademark Office Trademark Status & Document Retrieval (TSDR) database are attached as **Exhibit 1**. The first use dates identified therein and in the chart below are "at least as early as" dates.

| Mark | No. | Services | Registered | First Use |
|---|---|---|---|---|
| HOPE SURROGACY | 5971603 | Class 35 - Matching services in the field of gestational surrogacy, namely, matching potential parents and surrogates in the field of third party reproduction<br><br>Class 44 - Consulting services in the field of gestational surrogacy<br><br>Class 45 - Providing case management services, namely, non-medical assistance and administrative and financial coordination for intended parents and surrogates in the field of third-party reproduction, featuring coordinating with physicians, mental health professionals, fertility clinics, laboratories and other necessary facilities, legal professionals, insurance professionals, and other persons or organizations involved in the process of surrogacy and egg, sperm and embryo donation | Jan. 28, 2020 | May 8, 2017 |
| Hope Surrogacy — GROW WITH US | 5971607 | Class 35 - Matching services in the field of gestational surrogacy, namely, matching potential parents and surrogates in the field of third party reproduction<br><br>Class 44 - Consulting services in the field of gestational surrogacy<br><br>Class 45 - Providing case management services, namely, non-medical assistance and administrative and financial coordination for intended parents and surrogates in the field of third-party reproduction, featuring coordinating with physicians, mental health professionals, fertility clinics, laboratories and other necessary facilities, legal professionals, insurance professionals, and other persons or organizations involved in the process of surrogacy and egg, sperm and embryo donation | Jan. 28, 2020 | May 8, 2017 |

16. Plaintiff has used its HOPE SURROGACY mark extensively throughout the United States. As a result of this use and promotion, the HOPE SURROGACY mark developed and represents valuable goodwill inuring to the benefit of Plaintiff.

17. As a result of its widespread, continuous, and exclusive use of the HOPE SURROGACY mark to identify its services and their source, Plaintiff owns valid and subsisting federal statutory and common law rights in the HOPE SURROGACY mark.

### *Defendant and Its Infringing Conduct*

18. Defendant provides gestational surrogacy matching, consulting, and case management services for surrogates.

19. Upon information and belief, Defendant was formed and began using Defendant's Mark in connection with its services on January 18, 2019.

20. Plaintiff has priority with respect to the marks at issue because it used HOPE SURROGACY long before Defendant first used Defendant's Mark.

21. Upon information and belief, Defendant knew about Plaintiff's HOPE SURROGACY mark before Defendant adopted Defendant's Mark.

22. Defendant's Mark is confusingly similar to Plaintiff's HOPE SURROGACY mark in appearance, sound, and commercial impression.

23. Defendant's services are either identical or closely related to Plaintiff's services.

24. The parties' services are marketed and rendered in the same trade channels to the same consumers or class of consumers.

25. Based on the similarities in the parties' marks, goods, trade channels, and consumers, consumers are likely to believe that Defendant's services originate from Plaintiff or

are otherwise endorsed, sponsored, or approved by Plaintiff, resulting in a likelihood of confusion in the marketplace and damage to Plaintiff.

26. Defendant's use of Defendant's Mark is causing actual consumer confusion. For example, Plaintiff mistakenly received sensitive medical records intended for Defendant. Plaintiff also received phone calls from people who intended to contact Defendant.

27. The parties' businesses require handling of very sensitive and private information. Problematic confusion, such as unintended disclosure of this information to the wrong party, will continue to occur if Defendant is not enjoined from using Defendant's Mark.

28. Plaintiff sent communications to Defendant on October 19, 2020 and October 27, 2020 informing Defendant of Plaintiff's rights in its HOPE SURROGACY mark, but Defendant continues to use its infringing mark.

## COUNT ONE
## Federal Infringement – 15 U.S.C. § 1114

29. The preceding paragraphs are incorporated herein by reference.

30. Defendant's unauthorized use of Defendant's Mark is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's services, or suggest an affiliation, connection, or association of Defendant's services with Plaintiff, or the approval of Defendant's services by Plaintiff, and thus constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

31. Plaintiff was irreparably harmed by Defendant's actions and the damage and irreparable harm will continue unless Defendant's conduct is enjoined by this Court.

32. Plaintiff has no adequate remedy at law.

## COUNT TWO
## Federal Infringement, False Designation of Origin, Unfair Competition – 15 U.S.C. § 1125

33. The preceding paragraphs are incorporated herein by reference.

34. Defendant's unauthorized use of Defendant's Mark is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's services, or suggest an affiliation, connection, or association of Defendant's services with Plaintiff, or the approval of Defendant's services by Plaintiff, and thus constitutes trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. Plaintiff was irreparably harmed by Defendant's actions and the damage and irreparable harm will continue unless Defendant's conduct is enjoined by this Court.

36. Plaintiff has no adequate remedy at law.

## COUNT THREE
## Common Law Infringement and Unfair Competition

37. The preceding paragraphs are incorporated herein by reference.

38. Defendant's unauthorized use of Defendant's Mark is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's services, or suggest an affiliation, connection, or association of Defendant's services with Plaintiff, or the approval of Defendant's services by Plaintiff, and thus constitutes common law trademark infringement and unfair competition.

39. Plaintiff was irreparably harmed by Defendant's actions and the damage and irreparable harm will continue unless Defendant's conduct is enjoined by this Court.

40. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. Defendant and all of its agents, officers, employees, representatives, successors, and assigns, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, and each of them, be enjoined both preliminarily and permanently from:

    1) using the Defendant's Mark or any copy, reproduction, colorable imitation, or simulation thereof on or in connection with any goods or services;

    2) using Plaintiff's HOPE SURROGACY mark or any copy, reproduction, colorable imitation, or simulation thereof on or in connection with any goods or services;

    3) using any trademark, name, logo, design, or source designation of any kind on or in connection with any goods or services that is a copy, reproduction, colorable imitation, or simulation of, or that is confusingly similar to, Plaintiff's trademarks, names, or logos;

    4) using any trademark, name, logo, design, or source designation of any kind on or in connection with any goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff, or are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff;

    5) passing off or palming off any goods or services as those of Plaintiff, or otherwise continuing any and all acts alleged in this complaint; and

    6) providing, advertising, promoting, offering for sale, or selling the infringing services or other similar services.

B. Defendant be ordered to cease providing, marketing, promoting, offering for sale, and selling all services sold under a confusingly similar imitation of Plaintiff's trademarks;

C. Defendant be ordered to deliver up for impoundment and for destruction all signs, advertising, promotional material, stationary, or other material in the possession, in the custody, or under the control of Defendant that are found to adopt or infringe any of Plaintiff's trademarks, names, or logos or that otherwise unfairly compete with Plaintiff and its services;

D. Defendant be compelled to account to Plaintiff for any and all profits derived by Defendant from the sale or rendering of infringing services as described in this complaint;

E. A finding that Defendant's conduct was willful;

F. An award to Plaintiff of all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, together with all of Defendant's infringing profits;

G. An award to Plaintiff of treble damages;

H. A declaration that this is an exceptional case and an award to Plaintiff of its reasonable attorneys' fees;

I. An award to Plaintiff of pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

J. Based on Defendant's willful and deliberate infringement of Plaintiff's trademark, and to deter such conduct in the future, an award to Plaintiff of punitive damages; and

K. An award to Plaintiff such and other relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

Dated: November 12, 2020　　　　　　　　**MICHAEL BEST & FRIEDRICH LLP**

　　　　　　　　By: */s/ Laura M. Konkel*
　　　　　　　　Laura M. Konkel, SBN 1078880
　　　　　　　　Shane A. Brunner, SBN 1034128
　　　　　　　　One South Pinckney Street, Suite 700
　　　　　　　　Madison, Wisconsin 53703
　　　　　　　　Tel. (608) 257-3501
　　　　　　　　Fax (608) 283-2275
　　　　　　　　Email: lmkonkel@michaelbest.com,
　　　　　　　　sabrunner@michaelbest.com

　　　　　　　　Laura Lamansky, SBN 1101487
　　　　　　　　790 North Water Street, Suite 2500
　　　　　　　　Milwaukee, Wisconsin 53202
　　　　　　　　Tel. (414) 271-6560
　　　　　　　　Fax (414) 277-0656
　　　　　　　　Email: llamansky@michaelbest.com

　　　　　　　　*Attorneys for Plaintiff Hope Surrogacy, Inc.*