IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HOPE SURROGACY, INC.,

                                  Plaintiff,

v.

CARRYING HOPE SURROGACY, LLC,

                                  Defendant.

OPINION and ORDER

20-cv-1028-jdp

---

Two motions are before the court in this case for trademark infringement: (1) defendant Carrying Hope Surrogacy, LLC's motion to dismiss for lack of personal jurisdiction, Dkt. 10; and (2) defendant's motion for sanctions, Dkt. 18. For the reasons discussed below, the court will transfer the case rather than dismiss it and deny the motion for sanctions.

Defendant says that the court lacks personal jurisdiction because defendant has no relevant contacts with Wisconsin: it doesn't provide services here or otherwise conduct business here, and it has never had a contract with a Wisconsin resident. In response, plaintiff Hope Surrogacy, Inc. says that it filed the lawsuit in Wisconsin because there is "[a]ctual confusion occurring in this judicial district and Plaintiff is suffering injury in this judicial district," Dkt. 13, at 3, which is where plaintiff is located. But plaintiff says that it "is not opposed" to proceeding in the Western District of North Carolina, which is where defendant's principal place of business is, and plaintiff asks the court to transfer the case there. *Id.* at 1.

In its reply brief, defendant continues to press for dismissal rather than transfer. But it's well established that 28 U.S.C. §§ 1406 and 1404(a) allow a court to transfer rather than dismiss a case without determining whether the court may exercise personal jurisdiction over the defendants. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 464, 82 (1962); *Cote v. Wadel*, 796

F.2d 981, 985 (7th Cir. 1986). Transfer is also the preferred method in this court for curing a defect in personal jurisdiction or venue.[1]

Under § 1404(a), a court may transfer the case "for the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." There is no dispute that plaintiff could have filed this lawsuit in North Carolina and that litigating the case there would be convenient for defendant. And dismissing the case would accomplish nothing but delay. So the court concludes that transfer is in the interest of justice.

Defendant also moves for sanctions, arguing that the court has inherent authority to award attorney fees against plaintiff because plaintiff "filed this case in Wisconsin without a good faith basis to believe this Court held personal jurisdiction over" defendant. Dkt. 18, at 3. But it is generally Federal Rule of Civil Procedure 11 rather than a court's inherent authority that governs whether it is appropriate to sanction a party for failing to conduct a reasonable inquiry before filing a lawsuit. Even if the court assumes that plaintiff violated Rule 11, defendant hasn't shown that it's entitled to Rule 11 sanctions because that rule has a "safe harbor" provision that gives the offending party an opportunity to correct its mistake. *See* Fed. R. Civ. P. 11(c)(2). That is exactly what plaintiff did in this case by agreeing to transfer the case rather than continue to assert that an exercise of jurisdiction is appropriate here.

---

[1] *See, e.g., Smith v. Windy Hill Foliage, Inc.*, No. 17-cv-895-wmc, 2018 WL 1747915, at *4 (W.D. Wis. Apr. 11, 2018); *Howard v. Rodgers*, No. 16-cv-158-jdp, 2017 WL 377951, at *2 (W.D. Wis. Jan. 26, 2017); *Shaddix v. Keeton Corr., Inc.*, No. 12-cv-477-wmc, 2012 WL 4754739, at *1 (W.D. Wis. Oct. 4, 2012); *Deb Worldwide Healthcare, Inc. v. Betco, Corp.*, No. 08-cv-52-bbc, 2008 WL 2035529, at *1 (W.D. Wis. May 9, 2008).

A court's inherent authority isn't a substitute for more specific rules that the moving party can't satisfy. *See Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 877 (7th Cir. 2019) ("The court's inherent sanctioning powers are subordinate to valid statutory directives and prohibitions." (internal quotation marks omitted)); *Fid. Land Tr. Co., LLC v. Sec. Nat. Mortg. Co.*, No. 12-cv-1676-orl-19, 2013 WL 524961, at *3 (M.D. Fla. Jan. 7, 2013) ("A sanctions motion under inherent authority is not a substitute for compliance with the safe harbor provisions of Rule 11."). Rather, sanctions under a court's inherent authority are generally reserved for serious litigation misconduct that goes beyond making unsupported assertions. *See Goodvine v. Carr*, 761 F. App'x 598, 602 (7th Cir. 2019) (concluding that court's inherent authority rather than Rule 11 was an appropriate basis for "manufactured evidence or lies under oath").[2]

Defendant cites no authority for the view that sanctions under a court's inherent authority are appropriate for filing a lawsuit in the wrong district. So the court declines to award sanctions.

ORDER

IT IS ORDERED that:

1. Defendant Carrying Hope Surrogacy, LLC's motion to dismiss for lack of personal jurisdiction, Dkt. 10, is DENIED.

---

[2] *See, e.g.*, *Mohammed v. Anderson*, 833 F. App'x 651, 653 (7th Cir. 2020) (sanctions under inherent authority appropriate for repeated harassment of opposing parties over a five-month period); *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 953 (7th Cir. 2020) (same for "deliberately disregarding the court's order," "engag[ing] in obstructionist tactics," and "disrupt[ing] the orderly progress of litigation"); *Martin v. Fowler*, 804 F. App'x 414, 415 (7th Cir. 2020) (same for "intentionally deceptive" statements to the court).

3

2. Under 28 U.S.C. § 1404(a), this case is TRANSFERRED to the United States District Court for the Western District of North Carolina.

3. Defendant's motion for sanctions, Dkt. 18, is DENIED.

Entered April 22, 2021.

                          BY THE COURT:

                          /s/

                          _____
                          JAMES D. PETERSON
                          District Judge