IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| HOPE SURROGACY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CARRYING HOPE SURROGACY, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 1:21-cv-00119-MR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CARRYING HOPE'S ANSWER

Defendant Carrying Hope Surrogacy, LLC, ("Carrying Hope"), through its counsel, hereby answers the Complaint (Dkt. 1) filed on behalf of Plaintiff Hope Surrogacy, Inc. ("Hope Surrogacy") in connection with the above-identified matter[1] as follows.

Carrying Hope denies, generally and specifically, each and every allegation, matter and thing contained in the Complaint, except as hereinafter expressly admitted or qualified in response below.

---

[1] Hope Surrogacy's Complaint was filed as Case No. 3:20-cv-1028 in the Western District of Wisconsin, and the case was subsequently transferred to the Western District of North Carolina.

1

## NATURE OF THE ACTION

1.     This is an action for trademark infringement, false designation of origin, and unfair competition under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and common law trademark infringement and unfair competition.

**ANSWER:** Carrying Hope admits that this purports to be an action for trademark infringement, false designation of origin, and unfair competition under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and common law trademark infringement and unfair competition.

2.     Among other relief, Plaintiff asks this Court to preliminarily and permanently enjoin Defendant from marketing and providing services that violate Plaintiff's trademark rights; award Plaintiff monetary damages and to treble that award; require Defendant to disgorge all profits from the provision of infringing services; and award Plaintiff punitive damages, attorneys' fees, and costs.

**ANSWER:** Carrying Hope admits that Hope Surrogacy's Complaint purports to ask the Court for certain relief, but denies that Hope Surrogacy has moved for such relief or is entitled to any such relief.

3.     Plaintiff owns the federally registered trademark HOPE SURROGACY, which it uses in connection with providing gestational surrogacy matching, consulting, and case management services.

**ANSWER:** Carrying Hope admits that U.S. Patent and Trademark Office records indicate that Hope Surrogacy is the owner of U.S. Trademark Registration No. 5,971,603 for the standard character mark HOPE SURROGACY in International Class 035 for "matching services in the field of gestational surrogacy, namely, matching potential parents and surrogates in the field of third party reproduction," in International Class 044 for "consulting services in the field of gestational surrogacy," and in International Class 045 for "providing case management services, namely, non-medical assistance and administrative and financial coordination for intended parents and surrogates in the field of third-party reproduction, featuring coordinating with physicians, mental health professionals, fertility clinics, laboratories and other necessary facilities, legal professionals, insurance professionals, and other persons or organizations involved in the process of surrogacy and egg, sperm and embryo donation." Carrying Hope lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 3, and therefore denies those allegations.

4.     Defendant is using the nearly identical trademark CARRYING HOPE SURROGACY ("Defendant's Mark"), without authorization, in connection with the same services offered by Plaintiff under its HOPE SURROGACY mark, resulting in a likelihood of consumer confusion, as well as actual consumer confusion, as to the source or origin of Defendant's services or whether Defendant's services are associated with Plaintiff.

**ANSWER:** Carrying Hope admits that it uses the trademark CARRYING HOPE SURROGACY in connection with providing surrogacy agency services, including providing full pre-screening of potential gestational surrogates and matching those who are qualified with intended parents, providing consulting services in the field of gestational surrogacy and providing support throughout the entire surrogacy journey, and providing case management services, namely, non-medical assistance, administrative, supportive and full coordination with all additional third-party professionals such as clinics, doctor's offices, attorneys, psychologists, escrow holders, laboratories, insurance professionals, and any other professionals involved in the process of their surrogacy journey. Carrying Hope further admits that it uses the trademark CARRYING HOPE SURROGACY without authorization from Hope Surrogacy, but denies that it requires such authorization. Carrying Hope denies the remaining allegations of Paragraph 4.

4

5.     Plaintiff therefore brings this action for (1) federal trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), (2) federal false designation of origin and unfair competition under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); and (3) common law trademark infringement and unfair competition.

**ANSWER:** Carrying Hope admits that this action purports to assert claims for (1) federal trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), (2) federal false designation of origin and unfair competition under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); and (3) common law trademark infringement and unfair competition.

## PARTIES

6.     Plaintiff is a Wisconsin corporation with its principal place of business at 320 East Wilson St., Suite 510, Madison, Wisconsin 53703.

**ANSWER:** Carrying Hope lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 6, and therefore denies those allegations.

7.     Upon information and belief, Defendant is a North Carolina limited liability company with its principal place of business at 231 Pete Mann Road, Brevard, North Carolina 28712.

5

**ANSWER:** Carrying Hope admits that Carrying Hope Surrogacy, LLC is a limited liability company organized under the laws of the state of North Carolina with its principal place of business is located at 231 Pete Mann Road, Brevard, North Carolina 28712.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over Plaintiff's related common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

**ANSWER:** Admitted.


9. This Court has personal jurisdiction over Defendant because, upon information and belief, (a) Defendant marketed and/or rendered infringing services to persons within the State of Wisconsin and more specifically within this District; (b) Defendant transacts and conducts business within the State of Wisconsin and more specifically within this District; and/or (c) Defendant has otherwise made or established contacts with the State of Wisconsin and more specifically within this District sufficient to permit the exercise of personal jurisdiction.

**ANSWER:** Carrying Hope denies that the Court sitting in the Western District of Wisconsin had or has personal jurisdiction over Carrying Hope, and

6

denies the allegations of Paragraph 9. Carrying Hope does not dispute personal jurisdiction over it in the Western District of North Carolina.

10.     Upon information and belief, this Court also has diversity jurisdiction under 28 U.S.C. § 1332(a) because this action is between a citizen of the State of Wisconsin and a citizen of the State of North Carolina, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER:** Carrying Hope admits it is organized under the laws of North Carolina and has its principal place of business in North Carolina. Carrying Hope lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 10, and therefore denies those allegations.

11.     The Western District of Wisconsin is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District and Defendant engaged in infringing activities and caused harm in this judicial district.

**ANSWER:** Denied.

## FACTUAL ALLEGATIONS

### *Plaintiff and Its HOPE SURROGACY® Trademark*

12.     Plaintiff is a leading provider of gestational surrogacy matching, consulting, and case management services.

**ANSWER:** Carrying Hope lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12, and therefore denies those allegations.

13.     Plaintiff was formed on April 20, 2017.

**ANSWER:** Carrying Hope lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13, and therefore denies those allegations.

14.     Since at least as early as 2017, Plaintiff has used the distinctive trademark HOPE SURROGACY to identify its services.

**ANSWER:** Carrying Hope lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14, and therefore denies those allegations.

15.     Plaintiff owns the U.S. federal registrations for its HOPE SURROGACY standard character and stylized marks identified in the chart below. True and correct copies of printouts of the current status and title of the registrations from the U.S. Patent & Trademark Office Trademark Status & Document Retrieval

8

(TSDR) database are attached as Exhibit 1. The first use dates identified therein and in the chart below are "at least as early as" dates.

| Mark | No. | Services | Registered | First Use |
|------|-----|----------|------------|-----------|
| HOPE SURROGACY | 5971603 | Class 35 - Matching services in the field of gestational surrogacy, namely, matching potential parents and surrogates in the field of third party reproduction<br><br>Class 44 - Consulting services in the field of gestational surrogacy<br><br>Class 45 - Providing case management services, namely, non-medical assistance and administrative and financial coordination for intended parents and surrogates in the field of third- | Jan. 28, 2020 | May 8, 2017 |

|  | 5971607 | Class 35 - Matching services in the field of gestational surrogacy, namely, matching potential parents and surrogates in the field of third party reproduction<br><br>Class 44 - Consulting services in the field of gestational surrogacy<br><br>Class 45 - Providing case management services, namely, non-medical assistance and administrative and financial coordination for intended parents and surrogates in the field of third- | Jan. 28, 2020 | May 8, 2017 |
| --- | --- | --- | --- | --- |

**ANSWER:** Carrying Hope admits that U.S. Patent and Trademark Office records indicate that Hope Surrogacy is the owner of U.S. Trademark Registration No. 5,971,603 for the standard character mark HOPE SURROGACY in International Class 035 for "matching services in the field of gestational surrogacy, namely, matching potential parents and surrogates in the field of third party reproduction," in International Class 044 for "consulting services in the field of gestational surrogacy," and in International Class 045 for "providing case management services, namely, non-medical assistance and administrative and financial coordination for intended parents and surrogates in the field of third-party

10

reproduction, featuring coordinating with physicians, mental health professionals, fertility clinics, laboratories and other necessary facilities, legal professionals, insurance professionals, and other persons or organizations involved in the process of surrogacy and egg, sperm and embryo donation," and that Hope Surrogacy claimed first use and first use in commerce of the mark of this registration of May 8, 2017 for all services. Carrying Hope further admits that U.S. Patent and Trademark Office records indicate that Hope Surrogacy is the owner of U.S. Trademark Registration No. 5,971,607 for the design plus words, letters and/or



numbers mark including the words HOPE SURROGACY GROW WITH US in International Class 035 for "matching services in the field of gestational surrogacy, namely, matching potential parents and surrogates in the field of third party reproduction," in International Class 044 for "consulting services in the field of gestational surrogacy," and in International Class 045 for "providing case management services, namely, non-medical assistance and administrative and financial coordination for intended parents and surrogates in the field of third-party reproduction, featuring coordinating with physicians, mental health professionals, fertility clinics, laboratories and other necessary facilities, legal professionals, insurance professionals, and other persons or organizations involved in the process

11

of surrogacy and egg, sperm and embryo donation," and that Hope Surrogacy claimed first use and first use in commerce of the mark of this registration of May 8, 2017 for all services. Carrying Hope further admits that Exhibit 1 of the Complaint appears to be copies of printouts of the status and title of these two registrations from the U.S. Patent & Trademark Office Trademark Status & Document Retrieval (TSDR) database. Carrying Hope lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 15, and therefore denies those allegations.

16. Plaintiff has used its HOPE SURROGACY mark extensively throughout the United States. As a result of this use and promotion, the HOPE SURROGACY mark developed and represents valuable goodwill inuring to the benefit of Plaintiff.

**ANSWER:** Denied.

17. As a result of its widespread, continuous, and exclusive use of the HOPE SURROGACY mark to identify its services and their source, Plaintiff owns valid and subsisting federal statutory and common law rights in the HOPE SURROGACY mark.

**ANSWER:** Denied.

*Defendant and Its Infringing Conduct*

18.     Defendant provides gestational surrogacy matching, consulting, and case management services for surrogates.

**ANSWER:** Admitted.

19.     Upon information and belief, Defendant was formed and began using Defendant's Mark in connection with its services on January 18, 2019.

**ANSWER:** Carrying Hope admits it was organized on January 18, 2019, and began using CARRYING HOPE SURROGACY in connection with its services on or about that date. Carrying Hope lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 19, and therefore denies those allegations.

20.     Plaintiff has priority with respect to the marks at issue because it used HOPE SURROGACY long before Defendant first used Defendant's Mark.

**ANSWER:** Paragraph 20 states legal conclusions that do not require an answer. To the extent that an answer is required, Carrying Hope lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 20, and therefore denies those allegations.

13

21.    Upon information and belief, Defendant knew about Plaintiff's HOPE SURROGACY mark before Defendant adopted Defendant's Mark.

**ANSWER:** Denied.

22.    Defendant's Mark is confusingly similar to Plaintiff's HOPE SURROGACY mark in appearance, sound, and commercial impression.

**ANSWER:** Paragraph 22 states legal conclusions that do not require an answer. To the extent that an answer is required, Carrying Hope denies the allegations of Paragraph 22.

23.    Defendant's services are either identical or closely related to Plaintiff's services.

**ANSWER:** Carrying Hope lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 23, and therefore denies those allegations.

24.    The parties' services are marketed and rendered in the same trade channels to the same consumers or class of consumers.

**ANSWER:** Carrying Hope lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 24, and therefore denies those allegations.

14

25.    Based on the similarities in the parties' marks, goods, trade channels, and consumers, consumers are likely to believe that Defendant's services originate from Plaintiff or are otherwise endorsed, sponsored, or approved by Plaintiff, resulting in a likelihood of confusion in the marketplace and damage to Plaintiff.

**ANSWER:** Denied.

26.    Defendant's use of Defendant's Mark is causing actual consumer confusion. For example, Plaintiff mistakenly received sensitive medical records intended for Defendant. Plaintiff also received phone calls from people who intended to contact Defendant.

**ANSWER:** Carrying Hope lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 26, and therefore denies those allegations.

27.    The parties' businesses require handling of very sensitive and private information. Problematic confusion, such as unintended disclosure of this information to the wrong party, will continue to occur if Defendant is not enjoined from using Defendant's Mark.

**ANSWER:** Carrying Hope lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 27, and therefore denies those allegations.

28.    Plaintiff sent communications to Defendant on October 19, 2020 and October 27, 2020 informing Defendant of Plaintiff's rights in its HOPE SURROGACY mark, but Defendant continues to use its infringing mark.

**ANSWER:** Carrying Hope admits that Hope Surrogacy's counsel Ms. Laura Lamansky sent a letter to Carrying Hope's principal Ms. Nicole Stanley dated October 19, 2020, purporting to assert rights in the HOPE SURROGACY mark, and that Hope Surrogacy's counsel Ms. Laura Lamansky sent a letter to Carrying Hope's counsel Ms. Ashley Johnson dated October 27, 2020, purporting to assert rights in the HOPE SURROGACY mark. Carrying Hope denies those were the only communications it or its counsel received from Hope Surrogacy, and denies that it is using an infringing mark.

**COUNT ONE**

**Federal Infringement – 15 U.S.C. § 1114**

29.    The preceding paragraphs are incorporated herein by reference.

**ANSWER:** Carrying Hope incorporates by reference into this paragraph, answering Paragraph 29, the responses set forth in all of the preceding paragraphs of this Answer.

30.    Defendant's unauthorized use of Defendant's Mark is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's services,

16

or suggest an affiliation, connection, or association of Defendant's services with Plaintiff, or the approval of Defendant's services by Plaintiff, and thus constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

**ANSWER:** Denied.

31.     Plaintiff was irreparably harmed by Defendant's actions and the damage and irreparable harm will continue unless Defendant's conduct is enjoined by this Court.

**ANSWER:** Denied.

32.     Plaintiff has no adequate remedy at law.

**ANSWER:** Denied.

## COUNT TWO

**Federal Infringement, False Designation of Origin, Unfair Competition – 15 U.S.C. § 1125**

33.     The preceding paragraphs are incorporated herein by reference.

**ANSWER:** Carrying Hope objects to this allegation as improperly incorporating the allegations of Count One into Count Two, and incorporates by

17

reference into this paragraph, answering Paragraph 33, the responses set forth in all of the preceding paragraphs of this Answer.

34.    Defendant's unauthorized use of Defendant's Mark is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's services, or suggest an affiliation, connection, or association of Defendant's services with Plaintiff, or the approval of Defendant's services by Plaintiff, and thus constitutes trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:** Denied.

35.    Plaintiff was irreparably harmed by Defendant's actions and the damage and irreparable harm will continue unless Defendant's conduct is enjoined by this Court.

**ANSWER:** Denied.

36.    Plaintiff has no adequate remedy at law.

**ANSWER:** Denied.

## COUNT THREE

## Common Law Infringement and Unfair Competition

37.     The preceding paragraphs are incorporated herein by reference.

**ANSWER:** Carrying Hope objects to this allegation as improperly incorporating the allegations of Counts One and Two into Count Three, and incorporates by reference into this paragraph, answering Paragraph 37, the responses set forth in all of the preceding paragraphs of this Answer.

38.     Defendant's unauthorized use of Defendant's Mark is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's services, or suggest an affiliation, connection, or association of Defendant's services with Plaintiff, or the approval of Defendant's services by Plaintiff, and thus constitutes common law trademark infringement and unfair competition.

**ANSWER:** Denied.

39.     Plaintiff was irreparably harmed by Defendant's actions and the damage and irreparable harm will continue unless Defendant's conduct is enjoined by this Court.

**ANSWER:** Denied.

40.    Plaintiff has no adequate remedy at law.

**ANSWER:** Denied.

## ANSWER TO PRAYER FOR RELIEF

Carrying Hope denies any and all allegations of the Complaint not expressly admitted herein, including all allegations inherent in Hope Surrogacy's Prayer for Relief. Carrying Hope denies that Hope Surrogacy is entitled to any relief from Carrying Hope.

## DEFENSES

Carrying Hope asserts the following defenses, some of which may be affirmative defenses, to Hope Surrogacy's claims. By setting forth the following defenses, Carrying Hope does not concede that it bears the burden of proof with respect to any such defense and does not intend to alter the burden of proof of such matters to the extent the burden rests on Plaintiff.

### First Affirmative Defense: Unclean Hands

Hope Surrogacy's claims against Carrying Hope and requested relief fail in whole or in part under the doctrine of unclean hands for the reasons set forth in Carrying Hope's Motion for Attorney Fees filed April 19, 2021.

### Reservation of Rights to Add Additional Affirmative Defenses

Carrying Hope reserves the right to assert any and all additional affirmative defenses under Fed. R. Civ. P. 8(c), the trademark and unfair competition laws of

20

the United States and the states, and any other legal or equitable defenses which may now exist or in the future be available based on discovery and further factual investigation in this case.

## JURY TRIAL DEMAND

Defendant Carrying Hope respectfully demands a trial by jury on all claims and issues so triable.

Date: May 7, 2021

Respectfully submitted,

s/ Minnie Kim
Minnie Kim (N.C. Bar No. 46178)
Minnie.Kim@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
301 South College St., Suite 3500
Charlotte, North Carolina 28203
Phone: (704) 331-4921
Fax: (704) 338-7821

Christopher R. Liro
chris.liro@andruslaw.com
Aaron T. Olejniczak
aarono@andruslaw.com
Andrus Intellectual Property Law, LLP
790 North Water Street, Suite 2200
Milwaukee, WI 53202
Phone: (414) 271-7590
Fax: (414) 271-5770

*Attorneys for Defendant*
*Carrying Hope Surrogacy, LLC*