# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# Case No. 1:21-cv-119-MR

| | |
|---|---|
| HOPE SURROGACY, INC., | ) |
| Plaintiff, | ) |
| v. | ) **CONSENT PROTECTIVE** |
| | ) **ORDER** |
| CARRYING HOPE SURROGACY, LLC, | ) |
| Defendant. | ) |

THIS CAUSE came on to be heard upon the joint motion of Plaintiff Hope Surrogacy Inc. ("Plaintiff"), and Defendant Carrying Hope Surrogacy, Inc. ("Defendant"); and it appearing to the Court that discovery and the trial in this action may involve the production and disclosure of confidential, proprietary, or sensitive information requiring protection against unrestricted disclosure or use;

THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality provisions shall govern all information and documents disclosed in discovery in this action:

1. Certain information and documents to be produced by Plaintiff and Defendant during discovery in this litigation may contain trade secrets or other proprietary, confidential research, development, or commercial information that

should be considered confidential and protected from unreasonable disclosure pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

2. The information and documents to be considered as confidential and disclosed only in accordance with the terms of this Consent Protective Order ("this Order") shall include, without limitation, all documents or information whether in hard copy or electronic form designated in accordance with the terms of this Order and supplied in response to the demands or requests of either party, formal or informal, regardless of whether said information is produced or disclosed by a party or by any affiliated person or entity, or formerly affiliated person or entity.

3. All information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the terms of this Order and disclosed in discovery in this action shall be used solely for purposes of prosecuting or defending this litigation and shall not be used for any other purpose.

4. "Discovery Material" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in discovery in this action. Any party may, in good faith, designate Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Discovery Material designated "CONFIDENTIAL" shall contain non-public information, whether personal or business-related. Certain limited types of

2

"CONFIDENTIAL" information may be alternatively designated, as defined and detailed below, as "ATTORNEYS' EYES ONLY." The "ATTORNEYS' EYES ONLY" designation shall be reserved for confidential information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, business, financial, or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations of Discovery Material. Previously non-publicly known, future business plans, the identities and addresses of a company's customers and non-public market share and service pricing information shall be presumptively ATTORNEYS' EYES ONLY information. "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, as used in this Order, shall refer to any information so designated.

5. All information designated "CONFIDENTIAL" shall be maintained in confidence by the parties to whom such information is produced or given, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person except:

(a) The Court (including court reporters, stenographic reporters and videographers, and court personnel);

(b) Subject to the terms of paragraph 14 below, the attorneys of record, their partners, employees, contractors, and associates of outside counsel (collectively hereafter referred to as "Outside Counsel");

(c) Officers or employees of Plaintiff in this action, and officers and employees of Defendant in this action; provided, that such officers or employees shall receive such "CONFIDENTIAL" information solely on a "need to know" basis for purposes of prosecuting or defending this litigation and for no other purposes;

(d) Subject to the terms of paragraph 14 below, experts and their staff and litigation support personnel and their staff retained by Outside Counsel in this litigation; and

(e) Any other person as to whom the producing party agrees in writing prior to such disclosure.

6. All information designated as "ATTORNEYS' EYES ONLY" shall be maintained in confidence for use by the attorneys of the parties, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person except those listed in subparagraphs (a), (b), (d) and (e) of paragraph 5 above.

7. Nothing in the Order shall be taken as assent by a non-producing party that designated information is in fact "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. If counsel for the non-producing party believes that a confidentiality designation is not appropriate or justified, counsel for the non-producing party will notify counsel for the producing party of its belief that the information should not

be so designated or should be disclosable to persons other than those allowed by this order. A party shall not be obligated to challenge the propriety of a designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be sent to counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If the parties do not reach agreement on the correct designation of the information within twenty (20) business days of service of a challenge, the non-producing party may file a motion with the Court setting forth the non-producing party's reasons as to why the designation should be changed. Unless and until the Court issues a ruling that the information may be disclosed to persons other than those authorized by this Order, the contested designation shall remain in place and treated consistently with the terms of this Order.

8. If information protected from disclosure by the attorney-client privilege or work product doctrine is disclosed without intent to waive the privilege or protection, promptly after discovery of the inadvertent production, the producing party shall notify the other party that such information was inadvertently produced and should have been withheld. Once the producing party provides such notice, the recipient must promptly return or destroy the specified information with

5
Case 1:21-cv-00119-MR    Document 33-1    Filed 05/25/21    Page 5 of 17

any copies. The recipient cannot assert that the production waived the privilege protection; however, the recipient does not waive the right to challenge the assertion of the privilege and seek a court order denying such privilege.

9. Nothing in this Order shall preclude any party from applying to this Court for relief from any provision hereof, or from asserting that certain discovery materials should receive greater confidentiality protection than that provided herein, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure and LCvR 6.1.

10. No designation of documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be effective unless there is placed or affixed on such document a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" notice or the equivalent. Where practicable, such notice shall be placed near the Bates number. In the case of computer, audiovisual, or other electronic or magnetic medium, such notice shall be placed on the medium and its protective cover, if any. Testimony given at a deposition or hearing may be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the provisions of Paragraph 19 of this Order. Any designation that is inadvertently omitted from a document or testimony may be corrected by written notification to opposing counsel, but any disclosure prior to such notification shall not be a violation of this Order.

11. All "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information shall be maintained under the control of Outside Counsel, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Order.

12. All information that has been designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be filed in conjunction with a "Motion to Seal or Otherwise Restrict Public Access" pursuant to LCvR 6.1(c) and LCvR 6.1 shall govern handling of information that has been designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" with the Court. Before filing any information that has been designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel may confer with counsel for the party that produced the information so designated to determine how it should be filed and whether any such designation may be changed for filing such that a Motion to Seal or Otherwise Restrict Public Access is not needed.

13. Information produced by non-parties during the course of this action may be designated under this Order by such non-party or by a party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by following the procedures set forth herein or may be deemed so confidential as not to be disclosed under any circumstances. Information so designated and produced by third parties

shall thereafter be treated by the parties in the same manner as if produced with such designation by a party. A producing non-party shall have all the rights of a producing party with respect to protection of information under the terms of this Order. The provisions of this Order for challenging the designation by a party are applicable to challenges to designations by non-parties.

14. Prior to disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information to any third parties, to include persons employed to act as outside consultants or experts, translators, or interpreters in this action, counsel for the party seeking disclosure shall require such persons to read this Order and execute a Nondisclosure Agreement in the form attached hereto as Exhibit A, the original of which shall be promptly provided to opposing counsel and a copy thereof served on all other counsel. Nothing in this Order shall be construed as requiring: i) that routine outside suppliers of litigation support services such as photocopying, scanning, or coding execute the Nondisclosure Agreement of Exhibit A; or ii) that the opposing party utilizing such services must disclose the identity of such service suppliers to the opposing party or counsel. Nothing in this Order shall be construed as requiring that the identity of graphics preparation and presentation consultants, witness preparation consultants, jury consultants, or trial presentation consultants be disclosed to the opposing party or counsel; however,

any party utilizing such services is required to have such proposed service provider conduct a conflict check and execute the Nondisclosure Agreement of Exhibit A.\

15. Nothing in this Order shall prevent or restrict any person from using or disclosing in any manner its own "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information that it has produced or disclosed in this litigation.

16. Nothing in this Order shall prevent disclosure beyond the terms of this Order of any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information if the parties to this action and, if applicable, the non-party from which the material originated, consent, or if the Court, on motion filed by the party seeking to make disclosure, orders that disclosure be made. Any party may at any time request the Court, after notice to the opposing party and to the non-party from which the material originated, if applicable, to modify or grant relief from any provision of this Order or to place additional restrictions on the use of any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information.

17. Nothing herein shall prohibit a party, or its counsel, from disclosing any document designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the person the document identifies as an author or recipient of such document, or to any person that evidence shows to have already viewed the document, been told of its contents or who previously had legal access to the document or information.

18. Nothing herein shall prohibit a party, or its counsel, from disclosing any document designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the person the document identifies as an author or recipient of such document, or to any person that evidence shows to have already viewed the document, been told of its contents, or had legal access and authority to review the document or information.

19. Information disclosed at a deposition may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by indicating on the record at the deposition that the information is "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and is subject to the provisions of this Order. All such portions of the transcript shall be appropriately marked by the court reporter and shall be treated by the parties as set forth herein. Testimony in a deposition may also be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by notifying the deposing party in writing within twenty-one (21) days of the receipt of the transcript of those pages and lines or those exhibits that are "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as the case may be. No deposition may be read by anyone other than the deponent, the attorneys for the parties, and those qualified to see "ATTORNEYS' EYES ONLY" material under Paragraph 7 during the twenty-one (21) day period following a deposition unless otherwise agreed upon among the attorneys. Upon being informed that certain

portions of a deposition disclose either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, each party must cause each copy of the transcript in its custody or control to be marked immediately.

20. Violation by any person of any term of this Order or of the Nondisclosure Agreement may be punishable as contempt of court. Any person or entity that produces "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information in response to a discovery request or subpoena in this action is intended to be a beneficiary of this Order and of the Nondisclosure Agreement and may pursue all remedies available for violation thereof. No provision of this Order shall be deemed to require any person or entity not a party to this action to respond to any discovery request or subpoena, except as may otherwise be required by law. Nothing in this Order shall prevent or prohibit any party or non-party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this action.

21. Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony, or thing: (1) is relevant and subject to discovery; (2) is or is not a trade secret or confidential proprietary information; (3) constitutes or does not constitute confidential records; or (4) is or is not admissible in evidence at trial or at any hearing. The production

of any documents or information that the producing party claims to be privileged shall be governed by the facts and applicable law.

22. Upon the final termination of this litigation, including any appeals, the parties have sixty (60) days within which they may petition the Clerk of Court to return to the party which filed them all "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, and documents and things containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, that have been filed under seal with the Court. Any and all originals and copies of Discovery Materials designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall, at the request of the producing party, be returned to the party within sixty (60) days after a final judgment herein or settlement of this action, or, at the option of the producing party, destroyed in that time frame, except that Outside Counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, and documents constituting work product which were internally generated based upon or which include "CONFIDENTIAL" information or "ATTORNEYS' EYES ONLY" information. Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify Outside Counsel for the producing party of the subpoena so that the latter may protect its interests. In the event that documents are returned to or destroyed at the

request of the producing party, the other party or its Outside Counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be. The parties should agree to reasonable extensions of time to complete the return of the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, if necessary. The ultimate disposition of protected materials subject to a final order of the Court on the completion of litigation.

23. The restrictions set forth in any of the preceding paragraphs of this Order shall not apply to information that:

    (a) Was, is, or becomes public knowledge not in violation of this Order; or

    (b) Was lawfully possessed by the non-designating party prior to the date of this Order.

24. This Order shall continue in full force and effect after the termination of this litigation, including all appeals, and the Court shall retain jurisdiction necessary to enforce the terms of this Order. However, this Order shall be subject to revocation or modification by order of the Court, upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for a hearing and presentation of evidence should the Court so decide.

25. The parties agreed to submit this Order for entry by the Court and to be bound by the terms prior to entry by the Court.

SO ORDERED, this the _____ day of May, 2021

                                                                 _____
                                                                 Judge Martin Reidinger
                                                                 United States District Court for the
                                                                 Western District North Carolina

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# Case No. 1:21-cv-119-MR

| | |
|---|---|
| HOPE SURROGACY, INC., | |
| Plaintiff, | |
| v. | NONDISCLOSURE AGREEMENT UNDER CONSENT PROTECTIVE ORDER |
| CARRYING HOPE SURROGACY, LLC, | |
| Defendant. | |

The undersigned, having read the Consent Protective Order (the "Protective Order") entered in this action, understands the terms thereof, and intending to be legally bound thereby, agrees as follows:

1. All information and documents disclosed to the undersigned pursuant to the Protective Order shall be used only in connection with the above-captioned action (the "Litigation") and shall not be used for any business or other purpose.

2. Such information and documents shall be disclosed to and discussed only with the parties' outside counsel and other persons so authorized pursuant to the terms of the Protective Order, who have in accordance with the provisions of the Protective Order executed a similar Nondisclosure Agreement. Neither such documents or information nor information acquired or extracted from such

documents or information will be divulged or made accessible to any other person, company, firm, news organization, or any other person or entity whatsoever, except in compliance with the Protective Order and this Nondisclosure Agreement. This Nondisclosure Agreement does not limit the right of the signatory to testify at trial in this action or to prepare documents or other materials for submission at trial in this action.

    3.    The undersigned agrees to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of documents or information covered by the Protective Order.

    4.    The undersigned further agrees to return all information and documents in his or her possession or control (including all abstracts, summaries, descriptions, lists, synopses, pleadings, or other writings reflecting or revealing such information) and covered by the Protective Order, to the attorney from whom he or she received such documents and information within thirty (30) days after the termination of this Litigation, including all appeals, or within thirty (30) days after the undersigned is no longer associated with this Litigation, whichever comes first.

    5.    The undersigned acknowledges that a violation of the terms of the Protective Order may subject the undersigned and/or his/her employer to sanctions, including, but not limited to, punishment for civil contempt.

Dated: _____

_____
Signature

_____
Printed Name

_____
_____
Address

_____
Employer(s)